# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3690

_____

Kristine M. Stratton,

       Appellant,

v.

Michael J. Astrue,

       Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted:  June 3, 2011
Filed:  June 16, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kristine M. Stratton appeals the district court's[1] order affirming the denial of supplemental security income.  The sole argument in her opening brief is that the administrative law judge (ALJ) erred by not finding Ms. Stratton's bipolar disorder and post-traumatic stress disorder (PTSD) to be "severe" at step two of the five-step

_____

[1]The Honorable F.A. Gossett, United States Magistrate Judge for the District of Nebraska, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

sequential evaluation process.[2] At step two, the ALJ identified Ms. Stratton's obesity as a severe impairment and did not mention her bipolar disorder and PTSD, but the remainder of the opinion thoroughly summarized the medical and other evidence on these disorders and openly considered them in determining Ms. Stratton's residual functional capacity. We believe, therefore, that the ALJ implicitly considered both of these disorders to be severe. In fact, the ALJ would not have been required to consider either disorder further if he had not found them to be severe at step two. See 20 C.F.R. § 416.920(a)(4)(ii) (if mental impairment is found not severe at step two, claimant will be found not disabled, and Commissioner will not go on to next step in sequential evaluation process); see also Simmons v. Massanari, 264 F.3d 751, 755 (8th Cir. 2001) (sequential evaluation process may be ended at step two when impairment or combination of impairments would have no more than minimal effect on claimant's ability to work).

Also, as Ms. Stratton recognizes, in considering whether her bipolar disorder and PTSD met or equaled a listing, the ALJ found moderate limitations in two functional areas, and under the relevant regulation, this equates to finding that Ms. Stratton's mental disorders are severe. See 20 C.F.R. § 416.920a(d)(1). Because the mental disorders were expressly considered in the remaining steps of the sequential evaluation process, we fail to see--and Ms. Stratton does not explain--how the ALJ's oversight calls for reversal. See Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008) (arguable deficiency in opinion writing does not require setting aside administrative finding when deficiency had no bearing on outcome). Accordingly, we affirm. See Moore v. Astrue, 623 F.3d 599, 602 (8th Cir. 2010) (standard of review).

_____

---

[2]We decline to address the arguments raised for the first time in the reply brief. See Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008).